Brooke, J.
I concur in afiirming the decree,
Tucker, P.
The appellant, by his deed in 1794, conveyed to the appellees an acre of land in the town of Petersburg, whereon the public buildings are recited to have been at that .time already erected. The consideration of that deed appears to have been valuable. It consisted not only of the sum of five shillings (the usual nominal consideration) but also of part of a lot upon which the public buildings had formerly been erected, and which by this deed is reconveyed to Robert Rolling, from whom it had been originally acquired; the consideration for such reconveyance, as I understand the words “ in consideration of these presents,” being the conveyance made by this deed by Bolling to the corporation. It is also abundantly clear that one consideration 'of Bolling’s conveyance in 1794 was the erection of the public buildings upon the property, and their continuance permanently upon it: and whether we consider the estate granted to the corporation as a base fee, or as a fee simple determinable upon a breach of an express condition annexed to it, there can be no question that it was designed that the removal of the seat of justice permanently to any other place should terminate the estate of the corporation, and should reinvest Bolling with the title.
But it is contended that a further restriction upon the powers of the corporation over the property was designed ; and that according to the true construction of the deed, the property was conveyed not only for the purpose of having the public buildings erected on it, but for that purpose alone; and it is zealously urged that the affirmative words, “ for that purpose,” imply the negative, “ for no other purpose.” I cannot think *235 so. Considering the deed independent of the influence of the act of assembly which has been called to its aid, it would grossly violate every rule of interpretation, to give to these words such an implication. Looking to the deed, which alone must guide us, we see the owner of the estate conveying it with the most careful and anxious stipulation for the erection and continuance of the public buildings upon it, and expressly providing for the reinvestment of the estate in himself if that stipulation was not performed. But with all his caution, he provides for nothing more. Had it been his design to exclude any other use, a single phrase would have effected his purpose. He had but to add “ and for no other use whatsoever.” But he has not done so. For aught that we can see, the advantage he looked to was the continuance of the public buildings in that spot, which would enhance the value of his property in the vicinity. There is nothing to shew that either party, at that time, thought of the possible future erection of other buildings, and if they did not, the further restriction could not have been intended. To consider it as part of the bargain now, would be to make a contract for the parties, instead of construing one. To give to the affirmative stipulation that the mayor &c. should continue the courthouse on the lot, the effect of a stipulation that they would erect no other buildings, would be to bind them to what they did not dream of. With what propriety or justice can we say that the mayor &c. did understand, or ought to have understood, a covenant to erect and continue the courthouse there, as a covenant that they would erect no other building there ? Various other buildings might be and are usually found necessary on the public square of a corporation. A clerk's office is neither mentioned in the law nor in this deed. Is it then inhibited to erect one ? An engine house for the use of fire companies is named in neither one nor the other; yet such a building is to be found on *236 most public squares, in towns where fire companies are formed.. And so of a guard house and market house; for these are also commonly erected on the public property, and not unfrequently on that which is connected with the juridical buildings. I am therefore of opinion that this affirmative provision is not to be construed negatively, even if the language was what it has been supposed. ,
But that is not so. The deed does not say that the property is conveyed “ for the use of a courthouse and jail.” It is granted to the mayor &c. “ for the use of the town.” It is recited indeed that it is granted “ in consideration that the jail and courthouse had been erected upon it, and that they should be continued there;” but .when the use is declared, it is set forth to be to the only proper use of the mayor &c. “ for the use of the said town." It is true, it has also in one clause the words, “ for the uses and purposes aforesaid ;” but this is nothing more than the tautology of a party sedulous to be explicit, and therefore the less to be suspected of omitting any essential stipulation.
But the act of assembly has been referred to, as expounding the stipulations of this contract. Without enquiring into the true construction of that act, it is sufficient to avail myself of the observation of my brother Brockenhrough, that this contract was not made under or with reference to the statute relied upon. It is a sale of land not to the court, but to the corporation, consisting of the mayor, aldermen and commonalty, for the use of the town. As a corporate body, the corporation had a right to purchase; for that is one of the common incidents to corporations. 1 Black. Com. 475. And by its charter (11 Hen. Stat. at large, p. 382.) the power is given expressly and without limitation. If therefore the contract was made with reference to either statute, and is to be interpreted accordingly, we must take it that the parties referred to an act which authorized the *237 transfer of the estate to the corporation, rather than to one which did not. Now the general act (Rev. Code of 1794, ch. 67. § 13.) does not authorize a purchase of land by the corporation consisting of the mayor, aldermen and commonalty, but by the court only; and we cannot, therefore, fairly infer that the parties contracted in reference thereto. I am therefore of opinion that the appellant is in no manner sustained in his pretensions. It is his own fault that the deed contains no provision against building leases, if it was his purpose to prevent them. So important a restriction ought not to have been left by him to vague inference from the present stipulations of the deed. He has no right therefore to arrest the appellees in their use of the property for the benefit of the town ; although, as a citizen, it is always competent to him, if they impede by these acts the convenience or utility of the public buildings, to prosecute them for the nuisance.
I have said nothing as to the jurisdiction, though the case is clearly against the appellant on that point. If the deed does provide against the uses made of the property, the remedy of the appellant was at law; and if it does not, there is no ground laid upon which the court can add to its provisions, and not only enforce a forfeiture, contrary to the spirit of a court of equity, but even create a forfeiture, by the interpolation of a new and substantive clause into the contract between the parlies.
I am, therefore, upon every ground, for affirming the decree.
Decree affirmed.